CSM LEGAL, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------X
MARTIN CUAYA, *individually and on behalf*
*of others similarly situated,*

|  |  |
|---|---|
| *Plaintiff*, | **COMPLAINT** |
| -against- | **COLLECTIVE ACTION UNDER** |
| | **29 U.S.C. § 216(b)** |
| AUNT JAKE'S (D/B/A AUNT JAKE'S), | |
| AUNT JAKE'S LLC (D/B/A AUNT JAKE'S), | **ECF Case** |
| and NICHOLAS A BOCCIO, | |
| *Defendants.* | |

------------------------------------------------------X

Plaintiff Martin Cuaya ("Plaintiff Cuaya" or "Mr. Cuaya"), individually and on behalf of others similarly situated, by and through his attorneys, CSM Legal, P.C., upon his knowledge and belief, and as against Aunt Jake's LLC (d/b/a Aunt Jake's), Aunt Jake's (d/b/a Aunt Jake's), ("Defendant Corporations") and Nicholas A. Boccio, ("Individual Defendant"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1.     Plaintiff Cuaya is a former employee of Defendants Aunt Jake's (d/b/a Aunt Jake's), Aunt Jake's LLC (d/b/a Aunt Jake's), and Nicholas A Boccio.

2.      Defendants own, operate, or control two Italian restaurants, located at 1555 2nd Ave, NY, NY 10028 and at 133 Mulberry St., New York, NY 10013, both of which operate under the name "Aunt Jake's".

3.      Upon information and belief, individual Defendant Nicholas A Boccio, serve or served as owner, manager, principal, or agent of Defendant Corporations and, through these corporate entities, operates or operated the restaurants as a joint or unified enterprise.

4.      Plaintiff Cuaya was employed as a food runner and food expediter at the restaurants located at 1555 2nd Ave, NY, NY 10028 and 133 Mulberry St., New York, NY 10013.

5.      At all times relevant to this Complaint, Plaintiff Cuaya worked for Defendants without appropriate minimum wage and spread of hours compensation for the hours that he worked.

6.      Rather, Defendants failed to pay Plaintiff Cuaya appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Further, Defendants failed to pay Plaintiff Cuaya the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

8.      In addition, Defendants maintained a policy and practice of unlawfully appropriating Plaintiff Cuaya's and other tipped employees' tips and made unlawful deductions from Plaintiff Cuaya's and other tipped employees' wages.

9.      Defendants' conduct extended beyond Plaintiff Cuaya to all other similarly situated employees.

10.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Cuaya and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

11.     Plaintiff Cuaya now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et*

*seq*. and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

12.     Plaintiff Cuaya seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Cuaya's state law claims under 28 U.S.C. § 1367(a).

14.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate an Italian restaurant located in this district. Further, Plaintiff Cuaya was employed by Defendants in this district.

## PARTIES

*Plaintiff*

15.     Plaintiff Martin Cuaya ("Plaintiff Cuaya" or "Mr. Cuaya") is an adult individual residing in New York County, New York.

16.     Plaintiff Cuaya was employed by Defendants at Aunt Jake's from approximately February 2021 until on or about April 15, 2022.

17.     Plaintiff Cuaya consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

18.     At all relevant times, Defendants own, operate, or control two Italian restaurants, located at 1555 2nd Ave, NY, NY 10028 and at 133 Mulberry St., New York, NY 10013, both of which operated under the name "Aunt Jake's".

19.     Upon information and belief, Aunt Jake's (d/b/a Aunt Jake's) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains a principal place of business at 1555 2nd Ave, NY, NY 10028.

20.     Upon information and belief, Aunt Jake's LLC (d/b/a Aunt Jake's) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains a principal place of business at 133 Mulberry St., New York, NY 10013.

21.     Defendant Nicholas A. Boccio is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Nicholas A. Boccio is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Nicholas A. Boccio possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Cuaya, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

22.     Defendants operate Italian restaurants located in multiple neighborhoods in Manhattan.

23.     Individual Defendant, Nicholas A. Boccio, possesses operational control over Defendant Corporations, possesses ownership interests in Defendant Corporations, and controls significant functions of Defendant Corporations.

24.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

25.     Each Defendant possessed substantial control over Plaintiff Cuaya's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Cuaya, and all similarly situated individuals, referred to herein.

26.     Defendants jointly employed Plaintiff Cuaya (and all similarly situated employees) and are Plaintiff Cuaya's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

27.     In the alternative, Defendants constitute a single employer of Plaintiff Cuaya and/or similarly situated individuals.

28.     Upon information and belief, Individual Defendant Nicholas A. Boccio operates Defendant Corporations as either alter egos of himself and/or fails to operate Defendant Corporations as entities legally separate and apart from himself, by among other things:

   a) failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

b) defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporations for his own benefit as the sole or majority shareholder,

e) operating Defendant Corporations for his own benefit and maintaining control over these corporations as closed Corporations,

f) intermingling assets and debts of his own with Defendant Corporations,

g) diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect his own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

29.    At all relevant times, Defendants were Plaintiff Cuaya's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Cuaya, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Cuaya's services.

30.    In each year from 2021 to 2022, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

31.    In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurants on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

32.     Plaintiff Cuaya is a former employee of Defendants who was employed as food runner and food expediter.

33.     Plaintiff Cuaya seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Martin Cuaya*

34.     Plaintiff Cuaya was employed by Defendants from approximately February 2021 until on or about April 15, 2022.

35.     Defendants ostensibly employed Plaintiff Cuaya as a food runner and food expediter.

36.     Plaintiff Cuaya regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

37.     Plaintiff Cuaya's work duties required neither discretion nor independent judgment.

38.     Throughout his employment with Defendants, Plaintiff Cuaya regularly worked in excess of 40 hours per week.

39.     From approximately February 2021 until on or about February 2022, Plaintiff Cuaya worked as a food runner at the Mulberry Street location from approximately 4:00 p.m. until on or about 10:00 p.m., Thursdays, from approximately 4:00 p.m. until on or about 11:00 p.m., Fridays, and from approximately 11:00 a.m. until on or about 11:00 p.m., Saturdays (typically 25 hours per week).

40.     From approximately February 2022 until on or about April 15, 2022, Plaintiff Cuaya worked as a food expediter at the Mulberry location from approximately 4:00 p.m. until on or about 10:00 p.m., Tuesdays through Thursday. Additionally, Plaintiff Cuaya worked as a food runner at the 2nd Avenue location and from approximately 4:00 p.m. until on or about 11:00 p.m. to 11:30

p.m., Fridays, and from approximately 11:00 a.m. until on or about 11:00 p.m., Saturdays (typically 37 to 37.5 hours per week).

41.    From approximately February 2021 until on or about February 2022, Defendants paid Plaintiff Cuaya his wages by check.

42.    From approximately March 2022 until on or about April 15, 2022, Defendants paid Plaintiff Cuaya his wages by direct deposit.

43.    From approximately February 2021 until on or about January 2022, Defendants paid Plaintiff Cuaya $12.00 per hour.

44.    From approximately February 2022 until on or about April 15, 2022, Defendants paid Plaintiff Cuaya $14.00.

45.    On a number of occasions, Defendants required Plaintiff Cuaya to sign a document, the contents of which he was not allowed to review in detail, in order to release his weekly pay.

46.    On a number of occasions, Defendants required Plaintiff Cuaya to sign a document, the contents of which he was not allowed to review in detail.

47.    Defendants took improper and illegal deductions of Plaintiff Cuaya's wages; specifically, Defendants deducted a day's pay from Plaintiff Cuaya's weekly wages because Plaintiff Cuaya did not punch in that day, despite working his regular schedule.

48.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Cuaya regarding overtime and wages under the FLSA and NYLL.

49.    Defendants did not provide Plaintiff Cuaya an accurate statement of wages, as required by NYLL 195(3).

50.     Defendants did not give any notice to Plaintiff Cuaya, in English and in Spanish (Plaintiff Cuaya's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

51.     Defendants required Plaintiff Cuaya to purchase "tools of the trade" with his own funds—including kitchen utensils such as tongs, a knife, ice cream scoops, and spatulas.

*Defendants' General Employment Practices*

52.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Cuaya (and all similarly situated employees) to work without paying him appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

53.     Plaintiff Cuaya was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

54.     Defendants' pay practices resulted in Plaintiff Cuaya not receiving payment for all his hours worked, and resulted in Plaintiff Cuaya's effective rate of pay falling below the required minimum wage rate.

55.      Plaintiff Cuaya and all other tipped workers were paid at a rate that was below minimum wage by Defendants.

56.     In violation of federal and state law as codified above, Defendants classified Plaintiff Cuaya and other tipped workers as tipped employees, and paid them at a rate that was below minimum wage when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

57.    Defendants failed to inform Plaintiff Cuaya who received tips that Defendants intended to take a deduction against Plaintiff Cuaya's earned wages for tip income, as required by the NYLL before any deduction may be taken.

58.    Defendants failed to inform Plaintiff Cuaya who received tips, that his tips were being credited towards the payment of the minimum wage.

59.    Defendants failed to maintain a record of tips earned by Plaintiff Cuaya who worked as a food runner and food expediter for the tips he received. Defendants' time keeping system did not reflect the actual hours that Plaintiff Cuaya worked.

60.    As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Cuaya who  received tips, by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice included depriving food runner and food expediters of a portion of the tips earned during the course of employment.

61.    Defendants unlawfully misappropriated charges purported to be gratuities received by tipped Plaintiffs, and other tipped employees, in violation of New York Labor Law § 196-d (2007).

62.    Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive or forgo the tip credit and pay them the full hourly minimum wage.

63.    On a number of occasions, Defendants required Plaintiff Cuaya to sign a document the contents of which he was not allowed to review in detail.

64.    Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

65.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Cuaya (and similarly situated individuals) worked, and to avoid paying Plaintiff Cuaya properly for his full hours worked.

66.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

67.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Cuaya and other similarly situated former workers.

68.     Defendants failed to provide Plaintiff Cuaya and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

69.     Defendants failed to provide Plaintiff Cuaya and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

70.     Plaintiff Cuaya brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

71.     At all relevant times, Plaintiff Cuaya and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage and overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA under the FLSA.

72.     The claims of Plaintiff Cuaya stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

73.     Plaintiff Cuaya repeats and realleges all paragraphs above as though fully set forth herein.

74.     At all times relevant to this action, Defendants were Plaintiff Cuaya's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Cuaya (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

75.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

76.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

77.     Defendants failed to pay Plaintiff Cuaya (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

78.     Defendants' failure to pay Plaintiff Cuaya (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

79.     Plaintiff Cuaya (and the FLSA Class members) were damaged in an amount to be determined at trial.

### SECOND CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

80.     Plaintiff Cuaya repeats and realleges all paragraphs above as though fully set forth herein.

81.     At all times relevant to this action, Defendants were Plaintiff Cuaya's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Cuaya, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

82.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Cuaya less than the minimum wage.

83.     Defendants' failure to pay Plaintiff Cuaya the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

84.     Plaintiff Cuaya was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

## OF THE NEW YORK COMMISSIONER OF LABOR

85.     Plaintiff Cuaya repeats and realleges all paragraphs above as though fully set forth herein.

86.     Defendants failed to pay Plaintiff Cuaya one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Cuaya's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

87.     Defendants' failure to pay Plaintiff Cuaya an additional hour's pay for each day Plaintiff Cuaya's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

88.     Plaintiff Cuaya was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

89.     Plaintiff Cuaya repeats and realleges all paragraphs above as though fully set forth herein.

90.     Defendants failed to provide Plaintiff Cuaya with a written notice, in English and in Spanish (Plaintiff Cuaya's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and

a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

91.    Defendants are liable to Plaintiff Cuaya in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

92.    Plaintiff Cuaya repeats and realleges all paragraphs above as though fully set forth herein.

93.    With each payment of wages, Defendants failed to provide Plaintiff Cuaya with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

94.    Defendants are liable to Plaintiff Cuaya in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

### RECOVERY OF EQUIPMENT COSTS

95.    Plaintiff Cuaya repeats and realleges all paragraphs above as though fully set forth herein.

96.     Defendants required Plaintiff Cuaya to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing his wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

97.     Plaintiff Cuaya was damaged in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION

### UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION

### OF THE NEW YORK LABOR LAW

98.      Plaintiff Cuaya repeats and realleges all paragraphs above as though fully set forth herein.

99.     At all relevant times, Defendants were Plaintiff Cuaya's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

100.    New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

101.    Defendants unlawfully misappropriated a portion of Plaintiff Cuaya's tips that were received from customers.

102.    Defendants knowingly and intentionally retained a portion of Plaintiff Cuaya's tips in violations of the NYLL and supporting Department of Labor Regulations.

103.    Plaintiff Cuaya was damaged in an amount to be determined at trial.

## EIGTH CAUSE OF ACTION

### UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION

## OF THE NEW YORK LABOR LAW

104.    Plaintiff Cuaya repeats and realleges all paragraphs above as though set forth fully herein.

105.    At all relevant times, Defendants were Plaintiff Cuaya's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

106.    Defendants made unlawful deductions from Plaintiff Cuaya's wages; specifically, Defendants deducted a day's pay from Plaintiff Cuaya's weekly wages because Plaintiff Cuaya forgot to punch in.

107.    The deductions made from Plaintiff Cuaya's wages were not authorized or required by law.

108.    Through their knowing and intentional efforts to take unauthorized deductions from Plaintiff Cuaya's wages, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and supporting New York State regulations.

109.    Plaintiff Cuaya was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Cuaya respectfully requests that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Cuaya and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Cuaya and the FLSA Class members;

(d)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Cuaya and the FLSA Class members;

(e)     Awarding Plaintiff Cuaya and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)     Awarding Plaintiff Cuaya and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Cuaya;

(h)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Cuaya;

(i)     Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Cuaya;

(j)     Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiff Cuaya;

(k)     Awarding Plaintiff Cuaya damages for the amount of unpaid minimum wage and

overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(l)     Awarding Plaintiff Cuaya liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(m)     Awarding Plaintiff Cuaya and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(n)      Awarding Plaintiff Cuaya and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(o)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(p)     All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff Cuaya demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York

October 27, 2022

CSM LEGAL, P.C

By:     _____/s/ Catalina Sojo, Esq._____
Catalina Sojo [CS-5779517]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620

*Attorneys for Plaintiff*

# CSM Legal, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

catalina@csmlegal.com

April 26, 2022

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Martin Cuaya

Legal Representative / Abogado:    CSM Legal, P.C.

Signature / Firma:

Date / Fecha:                      26 de abril 2022

*Certified as a minority-owned business in the State of New York*